**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JOAQUIN BURGOS OSTOLAZA et al.,

    Plaintiffs,

       v.

STATE INSURANCE FUND et al.,

    Defendants.

Civ. No. 04-1231(PG)

**ORDER**

On 10/28/2004, the Court held a Status Conference where parties informed that a settlement offer had been made and defendants would study it to submit a counter offer. The court instructed the parties to notify if they needed a settlement conference to schedule one. (Docket No. 30.)

On 1/10/2005 the Court ordered the parties to inform by 1/31/2005 the status of their settlement negotiations. (Docket No. 32.) Parties failed to comply. However, a further conference was held on 2/2/2005 and counsel informed that they had engaged in settlement negotiations and requested two weeks to finalize discussions. They were granted until 2/16/05 to file the settlement documents. (Docket No. 33.)

One day past the deadline, plaintiffs, on behalf of both parties, informed the Court that a preliminary agreement had been reached and requested until 2/21/2005 to inform the Court the final agreement. (Docket No. 34.) The Court granted the request; however, parties again failed to comply. (See Docket No. 35.)

On 3/17/2005, the Court issued a STATUS REPORT ORDER in which it ordered the parties to inform within five (5) days the final settlement agreement or face sanctions including dismissal. (Docket No. 36.) Plaintiffs filed an Informative Motion notifying that the parties had reached an agreement where the defendants would pay $150,000.00 to the plaintiffs and would appoint Mr. Burgos Ostolaza to a new position. Plaintiffs informed, however, that the creation of the position, title, and salary grade were under study by the defendants, and again requested an extension of time to conclude the settlement negotiations and to inform the Court of the final agreement. (Docket No. 37.) The Court granted the motion as requested and 3/11/2005 was set as the deadline to inform the Court of final agreement. (Docket No. 39.)

Four days past the deadline, co-defendant State Insurance Fund ("SIF") filed a Motion for Continuance of Deadline to Inform Settlement Agreement, stating that the parties had agreed on the settlement amount of $150,000.00 but that the required position had been eliminated from the organization since 2002, and was not available. It further informed that plaintiffs made a new offer for settlement in the amount of $175,000.00 with no other conditions. SIF requested another extension of time until

3/31/05 to inform the Court of SIF's decision concerning the proposed settlement. (Docket No. 40.) The Court granted SIF's request and again extended the settlement filing deadline. (Docket No. 41.)

As of this date, almost two months later, the parties have failed to inform the Court of their final agreement and have not requested an extension of time to do so.

Local Rule 41 states, in pertinent part, that within thirty (30) days after counsel notifies that an action has been settled, he or she shall execute and file the necessary papers to terminate the action. See D.P.R. L.Civ.R 41.  The rule further states that if counsel fails to do so, the Court shall enter an order dismissing the action with prejudice the imposition of costs,"subject to the right of any party to move to reinstate the action within one year after the entry of the order if the settlement is not consummated." See D.P.R. L.Civ.R 41.

Since October 28, 2004, the Court has been informed that the parties have been negotiating a settlement in this case.  However, six months later have elapsed and parties have yet to file their final settlement documents.  The Court has done everything in its power to aid the parties in their negotiations, including holding a settlement conference and extending the deadlines, which parties have often failed to comply with. In lieu of the possibility of settlement, the Court has been lenient in not imposing sanctions notwithstanding parties' blatant disregard to this Court's orders.

The Court has a responsibility of achieving "the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  Pursuant to this "court's... unquestionable authority to dismiss a case with prejudice for want of prosecution in order to prevent undue delay in the disposition of pending cases," Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc., 178 F.R.D. 365 (D.P.R. 1998), the Court hereby **ORDERS THE PARTIES TO FILE THE FINAL SETTLEMENT DOCUMENTS AND DISMISSAL REQUEST WITHIN TEN (10) DAYS OF THIS ORDER.  FAILURE TO COMPLY WILL RESULT IN DISMISSAL OF THIS ACTION**. See HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1998) ("where a non-compliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence a trial judge need not first exhaust milder sanctions before resorting to dismissal [with prejudice.]").

IT IS SO ORDERED.
In San Juan, Puerto Rico, May 25, 2005.

S/JUAN M. PEREZ-GIMENEZ
U.S. District Judge